IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK A. PIPER, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Civil Action No. 2:18-1450<br>) |
| ANDREW M. SAUL, Acting Commissioner of Social Security,[1] | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

AMBROSE, Senior District Judge

## OPINION
### and
## ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. [ECF Nos. 12, 16]. Both parties have filed Briefs in Support of their Motions. [ECF Nos. 13, 17]. After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment and denying Defendant's Motion for Summary Judgment.

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB")

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 18, 2019, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

under Title II of the Social Security Act ("Act").  On or about March 7, 2015, Plaintiff applied for DIB.  [ECF No. 10-6 (Ex. 1D)].  In his application, he alleged that since February 28, 2015, he has been disabled due to ulcerative colitis, incontinence of urine and stool, recurrent urinary tract infections, depression, sleep apnea, prostate cancer, stage 2, renal cancer stage 1, MGUS, gastroesophageal reflux, and hyperlipidemia.  [ECF No. 10-7 (Ex. 6E)].  His date last insured is June 30, 2020.  [ECF No. 10-2 at 17].[2]  The state agency denied his claims initially, and he requested an administrative hearing.  Administrative Law Judge ("ALJ") Leslie Perry-Dowdell held a hearing on April 25, 2017.  Id. at 31-52.  Plaintiff appeared at the hearing and testified on his own behalf.  Id.  A vocational expert also was present at the hearing and testified.  Id. at 44-52.  In a decision dated September 6, 2017, the ALJ found that Plaintiff could return to his past relevant work as a construction superintendent and/or that jobs existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was not disabled under the Act.  Id. at 15-25.  Plaintiff requested review of the ALJ's determination by the Appeals Council, but the Appeals Council denied Plaintiff's request for review.  Id. at 1-3.  Having exhausted all of his administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment.  [ECF Nos. 12 & 16].  The issues are now ripe for my review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir.

---

[2] To receive DIB, Plaintiff must establish that he became disabled prior to June 30, 2020, the date on which his insured status expired, or "date last insured." 42 U.S.C. §§ 423(a)(1)(A), (c)(1)(B); 20 C.F.R. § 404.131(a).

1989). Regardless of "the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (U.S. 2019). Substantial evidence has been defined as "more than a mere scintilla." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek, 139 S. Ct. at 1154. The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment,

3

whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id.

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

**B.  WHETHER THE ALJ'S RFC FINDING WAS SUPPORTED BY SUBSTANTIAL EVIDENCE**

Residual functional capacity ("RFC") refers to the most a claimant can still do despite his limitations. 20 C.F.R. § 404.1545(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. Id. Ultimately, the responsibility for determining a claimant's RFC rests with the ALJ. 20 C.F.R. §§ 404.1527(d); 404.1546; Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011).

In this case, the ALJ found that Plaintiff had severe impairments, including ulcerative colitis, recurrent urinary tract infections, and obesity. [ECF No. 10-2, at 18-19]. She then found that Plaintiff's impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. at 20.

The ALJ further found that Plaintiff had the residual functional capacity ("RFC") to perform a full range of medium work. [ECF No. 10-2, at 20-23]. The ALJ ultimately concluded that Plaintiff was capable of performing his past relevant work as a construction superintendent. Id. at 23-24. Alternatively, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was not disabled within the meaning of the Act. Id.

Here, Plaintiff argues the ALJ's findings are deficient because she failed to account for Plaintiff's alleged need to take bathroom breaks in formulating Plaintiff's RFC. [ECF No. 13 at 8-9]. After careful consideration, I agree that remand is necessary on this issue.

In her opinion, the ALJ acknowledges Plaintiff's testimony that he has to use the bathroom 1-2 times every hour; cannot travel without needing to stop and find a restroom; has frequent leakage and wears a pad; and has to drink large quantities of water due to his history of UTIs. [ECF No. 10-2, at 21]. She also notes Plaintiff's report that frequent trips to the bathroom interrupt his sleep, causing severe fatigue. See id. (citing Ex. 7E/2). The ALJ discounts the severity of these symptoms, however, because she finds that the medical evidence and Plaintiff's daily activities do not support Plaintiff's claimed restrictions. Id.

Although the ALJ cites some record evidence in support of her conclusions, her analysis ignores significant contradictory evidence without acknowledgement or explanation. For example, with respect to Plaintiff's allegation that frequent trips to the bathroom interrupt his sleep, the ALJ points to a December 18, 2014 follow-up medical visit for sleep apnea at which Plaintiff reported he went from waking up 4 times a night down to once a night. Id. (citing Ex. 5F/2). Not only do this medical record and sleep study predate Plaintiff's alleged onset date by two months, but also the ALJ fails to mention subsequent medical evidence from Plaintiff's treating urologist, dated

5

during the disability period, stating that Plaintiff has nocturia three times a night. See ECF No. 10-21 (Ex. 17F/26, dated August 9, 2016). Similarly, in the same paragraph, the ALJ states that Plaintiff "is able to drive a car as part of his part-time job, and has never fallen asleep while driving." Id. (citing Ex. 5F/10). Again, the record to which the ALJ cites – a checkbox form Plaintiff completed for a sleep study on which he checked "no" when asked if he ever falls asleep while driving – is dated months before his alleged onset date, this time on September 25, 2014. [ECF No. 10-11 (Ex. 5F/10)]. Moreover, the ALJ makes no reference to a contemporary record from Plaintiff's primary care physician indicating that Plaintiff "is trying to work full time but finds it difficult to ride in a truck long periods of time due to urinary as well as fecal incontinence." See ECF No. 10-14 (Ex. 11F/6, dated August 14, 2014).

The ALJ makes similar omissions in analyzing the medical evidence specific to Plaintiff's UTI complaints.[3] For example, the ALJ concludes that Plaintiff's UTIs are controlled with treatment such as ciprofloxacin and cranberry tablets. [ECF No. 10-2, at 21]. The ALJ also points to a June 23, 2014 notation by Plaintiff's oncologist that Plaintiff "used to have" frequent UTIs. Id. (citing Ex. 7F/20). Another medical record the ALJ cites in this regard is a June 3, 2015 record from Plaintiff's urologist, stating (according to the ALJ) that while Plaintiff reports some recurrent UTIs "now and then," the UTIs respond to ciprofloxacin or Bactrim, based on Plaintiff's sensitivities. Id. (citing Ex. 17F/24). Together, these records create a picture of a

---

[3] I also note that the ALJ's analysis of Plaintiff's urinary incontinence is fairly minimal, essentially consisting of two brief paragraphs addressing Plaintiff's UTI symptoms and claimed fatigue. [ECF No. 10-2, at 21]. The ALJ does not specifically reference Plaintiff's alleged need for bathroom breaks in her UTI discussion. Rather, the ALJ only mentions bathroom breaks in a subsequent paragraph in the context of Plaintiff's bowel issues and ulcerative colitis symptoms. Id. at 21-22. Since I am remanding this case on other grounds, I make no findings as to the ALJ's conclusions regarding Plaintiff's bowel incontinence, except to note that the records the ALJ cites in this regard appear to support her conclusion that Plaintiff's ulcerative colitis is stable and well-controlled with treatment. See id. (citing Exs. 7F/18, 20, 22;10F, 15F/3, 5, 29; 16F/7, 13, 20; 18F/7).

claimant whose UTIs have decreased in frequency and are controlled with medication and other conservative measures. The ALJ fails to mention, however, that the two urology records following the June 3, 2015 record indicate, inter alia, that Plaintiff has significant stress incontinence, that he was treated with a male sling,[4] that the sling is not working well and Plaintiff still uses 4-5 pads per day, that artificial urinary sphincter implantation was recommended, and that (as of August 9, 2016) Plaintiff has had a UTI almost every month for the past 6 months despite being placed on a suppressive dose of Bactrim. [ECF No. 10-21, Ex. 17F/25-26 (records dated January 26, 2016 and August 9, 2016)]. The ALJ also appears to conflate Plaintiff's incontinence with his UTIs although the urology notes suggest Plaintiff's incontinence is (at least in part) a separate condition related to his prostate cancer treatment. See ECF No. 10-21, Ex. 17F/25 (January 26, 2016 urology note describing Plaintiff's incontinence as a result of his prostate cancer treatment and describing "[h]is other issue" as persistent and recurrent UTIs). Under this scenario, conservative treatment for Plaintiff's UTIs, even if successful, might not resolve Plaintiff's incontinence (and resultant potential need for bathroom breaks). Indeed, Plaintiff testified that, at least one of the conservative methods the ALJ cites as treatment for his UTIs – drinking at least 6 clear glasses of clear liquids a day – exacerbates his incontinence symptoms. [ECF No. 10-2 (citing Ex. 16F/18, Ex. 7E, and Pl.'s Testimony)]. The ALJ, however, fails to discuss these records or issues.

I recognize that an ALJ is not required to accept Plaintiff's version of events uncritically and that my job is not to re-weigh the evidence. The ALJ also is entitled to accept some evidence and reject other evidence with proper reason. Before doing so, however, she is at least required

---

[4] According to the Cleveland Clinic, a "male sling" is a treatment for male urinary incontinence that involves placing synthetic mesh-like tape around the urethral bulb, compressing and moving the urethra into a new position. See https://my.clevelandclinic.org/health/treatments/14330-male-sling-procedure.

7

to consider all the evidence and explain why evidence that is inconsistent with her RFC assessment is not adopted. The ALJ is not entitled to "cherry pick" favorable evidence and ignore records that run counter to her findings. See e.g., Griffith v. Astrue, 839 F. Supp. 2d 771, 783 (D. Del. 2012) ("Plaintiff correctly argues that an ALJ is not permitted to 'cherry-pick' only that that evidence that supports her position."). Here, the ALJ failed even to acknowledge the evidence cited above. Thus, I am unable to determine, on the record before me, whether the ALJ failed to consider that evidence, considered and rejected it, or intentionally cherry picked the favorable evidence and ignored anything contrary.[5]

For these reasons, the ALJ's RFC finding is not supported by substantial evidence, and remand is necessary for proper consideration and discussion of the record evidence related to Plaintiff's urinary incontinence and alleged need for bathroom breaks. In so finding, I do not reach any conclusions as to whether Plaintiff requires bathroom breaks due to his incontinence and/or whether Plaintiff is disabled within the meaning of the Act. If the ALJ finds that Plaintiff requires bathroom breaks or other additional restrictions due to incontinence or otherwise, she also must re-evaluate whether Plaintiff can perform his past work as a construction superintendent and/or other work that exists in the economy.[6]

---

[5] Defendant's brief cites a number of examples Defendant claims support the ALJ's findings, including, inter alia, Plaintiff's ability to work four hours on Tuesdays, and eight to ten hours on Thursdays for his long-time employer; Plaintiff's report that he travels up to 25 miles in connection with his part-time job; and the duties Plaintiff performs for that job. [ECF No. 17]. I decline to consider Defendant's arguments in this regard, however, because the ALJ did not expressly rely on those reasons in her decision. The review of an administrative order must be judged upon those bases set forth and disclosed in that order. Fargnoli v. Massanari, 247 F.3d 34, 44 n.7 (3d Cir. 2001). To consider speculative or *post hoc* rationalizations not listed by the ALJ runs contrary to the law. Id.

[6] Plaintiff also argues that the ALJ failed to adequately address the VE testimony and erred in her analysis of Plaintiff's subjective complaints. [ECF No. 13, at 9-15]. Because I am already remanding this case for further proceedings, it is unnecessary to address these contentions in detail, although I note that all of Plaintiff's arguments are interrelated. If such additional deficiencies exist, the ALJ will address them on remand.

## III. <u>CONCLUSION</u>

Under the Social Security regulations, a federal district court reviewing the decision of the Commissioner denying benefits has three options. It may affirm the decision, reverse the decision and award benefits directly to a claimant, or remand the matter to the Commissioner for further consideration. 42 U.S.C. § 405(g) (sentence four). In light of an objective review of all evidence contained in the record, I find that the ALJ's decision is not supported by substantial evidence because, in discussing Plaintiff's RFC, the ALJ failed to adequately address the medical evidence concerning incontinence as set forth more fully herein. The case therefore is remanded for further consideration in light of this Opinion. In remanding on the points herein, I make no findings as to whether Plaintiff is or is not disabled. I simply find that I cannot properly evaluate the ALJ's opinion on the record before me. For these and all of the above reasons, Plaintiff's Motion for Summary Judgment is granted to the extent set forth herein, and Defendant's Motion for Summary Judgment is denied. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK A. PIPER,

        Plaintiff,

vs.

ANDREW M. SAUL, Acting Commissioner of Social Security,[1]

        Defendant.

Civil Action No. 2:18-1450

AMBROSE, Senior District Judge

## ORDER OF COURT

AND NOW, this 12th day of February, 2020, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Plaintiff's Motion for Summary Judgment [ECF No. 12] is GRANTED to the extent that Plaintiff seeks remand for further consideration and the matter is REMANDED to the Commissioner for further proceedings consistent with the Opinion attached hereto. Defendant's Motion for Summary Judgment [ECF No. 16] is DENIED.

                                        BY THE COURT:

                                        <u>/s/ Donetta W. Ambrose</u>
                                        Donetta W. Ambrose
                                        U.S. Senior District Judge

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 18, 2019, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).